# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-00046 |
| | ) | |
| JEFFREY LEE STOCK | ) | JUDGE CRYTZER |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Jeffrey Lee Stock, and the defendant admits that he has violated the conditions of his supervised release as specified in violation numbers 1 and 2 in the Petition. An agreement has been reached between the parties, recommending that Mr. Stock's supervised release should be revoked and that he should receive a sentence of 2 months imprisonment followed by lifetime supervised release.

Mr. Stock agrees to waive his right to a hearing pursuant to Rule 32.1 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense;

(2) The right to see and hear all the witnesses and have them cross-examined in his defense;

(3) The right on his own part not to testify unless he chose to do so in his defense; and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute C violations, for which a policy statement

revocation range of 8 to 14 months would apply given his Criminal History Category VI. The Court has considered this advisory policy statement revocation range and the statutory maximum of 24 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a), excluding factor 3553(a)(2)(A), as well as the fact that the Magistrate Judge in the Eastern District of Kentucky dismissed the portion of the violation alleging terroristic threats due to a lack of probable cause. Moreover, the police footage was watched by all parties, and the parties agree that there appeared to be no overt threats made by the defendant. Moreover, Mr. Stock will still need to appear before the state court in Jackson County, Kentucky, to resolve his pending traffic violations and he faces potential additional consequences for those charges.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a), excluding 3553(a)(2)(A), which can not be considered, while taking into consideration all the remaining factors and the Chapter Seven policy statements. Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the Grade C violations as specified in violation numbers 1 and 2 in the Petition.

IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is revoked. The defendant is sentenced to 2 months imprisonment followed by lifetime supervised release.

While on supervised release, the defendant shall comply with the following mandatory conditions of supervision adopted by this Court in Local Rule 83.10:

(1)   The defendant must not commit another federal, state, or local crime.

(2)   The defendant must not unlawfully possess a controlled substance.

(3)   The defendant must refrain from unlawful use of a controlled substance.

(4)   The defendant must cooperate in the collection of DNA as directed by the probation officer.

2

To promote respect for the law, prevent recidivism, and aid in adequate supervision, the defendant shall also comply with the following standard conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of release from imprisonment or of the time you were sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame. **Justification:** *This condition is an administrative requirement of supervision.*

(2) After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. **Justification:** *This condition is an administrative requirement of supervision.*

(3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the Court or the probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(4) The defendant must answer truthfully the questions asked by the defendant's probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(5) The defendant must live in a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the probation officer observes in plain view. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will reduce the risk of recidivism and provide for defendant rehabilitation.*

(8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). **Justification:** *This condition will provide for public and officer safety.*

(11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(13) The defendant must follow the instructions of the probation officer related to the conditions of supervision. **Justification:** *This condition is an administrative requirement of supervision.*

While on supervised release, the defendant shall also abide by the following special conditions:

(1) The defendant shall submit his or her person, property, house, vehicle, papers, [computers (as defined by 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(2) The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer.

(3) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider. The defendant shall take all medication prescribed by the treatment provider as directed.

(4) The defendant shall comply with the following conditions as set forth by the Court in Standing Order 15-06:

(a) SO-15-06(1): The defendant shall participate in a program of sex offender mental health treatment at his/her own expense, as approved by the probation officer, until such time as he/she is discharged from the program by the provider and as approved by the probation officer. The defendant shall comply with the policies and procedures of the treatment program. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers. **Justification:** *The Sex Offender Management Procedures Manual, provided by the Administrative Office of the United States Courts, states that sex offenders required to register under the Sex Offender Registration and Notification Act of 2006 (SORNA) should be evaluated for participation in sex offense-specific treatment. The Defendant would benefit from treatment, learning how to avoid triggers that may cause him to reoffend, which would in turn, protect the public from future crimes from the defendant.*

(b) SO-15-06(7): The defendant shall notify the probation officer of any/all location where he/she receives mail. The defendant shall not obtain a new mailing address, post office box, or use the facility of any business for the delivery and receipt of mail or any other correspondence without approval of the probation officer. **Justification:** *This condition will assist the probation officer in monitoring the defendant's compliance with the terms and conditions of his/her release.*

(c) SO-15-06(9): The defendant shall submit to polygraph testing at his/her own expense, as directed by the probation officer, in order to determine if he/she is in compliance with the conditions of supervision, or to facilitate sex offender treatment, The defendant shall be truthful during polygraph evaluations. **Justification:** *The polygraph test is often the only means by which the probation officer becomes aware that an offender has relapsed or is participating in risky behaviors, unless he is arrested for a new offense. The Sex Offender Management Procedures Manual, provided by the Administrative Office of the United States Courts, outlines that sex offenders required to register under SORNA should be required to participate in polygraph examinations as part of the containment model of supervision. Polygraph testing may encourage the offender to be truthful with his probation officer and could alert the probation officer to potential violations of supervision conditions, which could prompt a further inquiry or investigation.*

(d) SO-15-06(10): All residences and employment shall be approved in advance by the probation officer. The defendant shall not participate in any volunteer activities requiring unsupervised contact with children under the age of 18, without the approval of the probation officer. The defendant shall not engage in an activity that involves being in a position of trust or authority over any child or children under the age of 18. **Justification:** *This condition is aimed at providing protection to the public from future crimes of this defendant. The Sex Offender Management Procedures Manual, provided by the Administrative Office of the United States Courts, relays, in part, the following regarding residential and employment restrictions: Although employment is critical to a defendant's stability, and sex offenders should obtain and maintain employment the same as any other offender under supervision, this population may present specific risk factors in the workplace. Certain types of employment are not appropriate for sex offenders… Sex offenders should not hold jobs that give them authority over potential victims (including coworkers or subordinates), give them access to vulnerable populations, or place them in a setting near a school or playground. Employment restrictions prohibiting a sex offender from working in certain capacities – such as at a location close to a school zone, at an adult-oriented establishment, or where they may have access to the internet – may need to be considered.*

(e) SO-15-06(11): The defendant shall submit his/her person, residence, vehicle, or any area over which he/she exercises control to a search conducted by a

6

probation officer with reasonable suspicion concerning a violation of supervised release or unlawful conduct by the defendant, at any time, without prior notice or search warrant, in order to determine if the defendant is in compliance with the conditions of supervision. The defendant shall warn anyone with whom he/she resides that the premises may be subject to searches pursuant to this condition. **Justification:** *This condition is aimed at assisting the probation officer in monitoring the defendant's compliance with the terms and conditions of his release, as well as with the protection of the public. This condition would also help to ensure the defendant is in compliance with any sex offender treatment in which he is participating. Search and seizure special conditions, including computer and internet monitoring, are necessary to monitor the defendant's compliance with other conditions of release, i.e., no possession of pornography, no computer use, no internet use.*

_____
The Honorable Katherine A. Crytzer
United States District Judge

APPROVED FOR ENTRY:

_____
B. Todd Martin
Assistant U.S. Attorney

_____
Amber D. Wilson
U.S. Probation Officer

_____
Jeffrey Lee Stock
Defendant

_____
Lesley A. Tiller
Attorney for Defendant

7